**LORENA INDEPENDENT SCHOOL DISTRICT NO. 907 et al., Appellants,**

v.

**ROSENTHAL COMMON SCHOOL DISTRICT NO. 007 et al., Appellees.**

**No. 4644.**

Court of Civil Appeals of Texas.

Waco.

Sept. 28, 1967.

Rehearing Denied Nov. 16, 1967.

Beard & Kultgen, David B. Kultgen, Waco, for appellants.

Frank Fitzpatrick, Jr., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment of the District Court decreeing an order of the State Board of Education invalid.

Rosenthal Common School District and Lorena Independent School District are contiguous county line districts located in both McLennan and Falls Counties. Certain residents of Rosenthal District petitioned the McLennan County School Trustees to detach a 4 square mile area located in McLennan County from the Rosenthal District and annex same to the Lorena District. Their petition was denied by the McLennan County Trustees. The residents (and Lorena) appealed to the State Commissioner of Education, who by written decision sustained the McLennan County Trustees. The residents and Lorena then appealed to the State Board of Education which "overruled" the decision of the Commissioner of Education, "and the order will be to de-annex the property involved in this appeal."

Rosenthal District (joined by McLennan County School Trustees) thereafter filed suit in the 19th District Court of McLennan County, to have the order of the State

Board of Education, detaching territory from Rosenthal and annexing same to Lorena, declared invalid.

The District Court, after trial without a jury, entered judgment finding:

1) That portions of Lorena and Rosenthal Districts are located in both McLennan and Falls Counties;

2) That no application had been presented to the County School Trustees of Falls County for concurrence or other action; and

3) That Falls County Trustees had neither approved or refused the proposed detachment and annexation.

Such judgment then decreed the order of the State Board of Education detaching the property from Rosenthal and annexing same to Lorena District invalid and of no force or effect.

Lorena School District and the Residents appeal, contending the trial court erred in setting aside the order of the State Board.

■ Where two school districts, as here, are partly in McLennan County and partly in Falls County, an order by the Board of School Trustees of McLennan County transferring territory from one district to the other, is invalid to effectuate the transfer, without the concurrence of the County Trustees of Falls County. Art. 2742f, Vernon's Ann.Tex.Civ.St.; South Taylor Co. Ind. School District v. Winters Ind. School District, 151 Tex. 330, 249 S.W.2d 1010; County Board of School Trustees of Leon County v. Leon Ind. School Dist., Tex.Civ. App. (nwh), 328 S.W.2d 928; County School Trustees of Leon County v. Leon Ind. School Dist., Tex.Civ.App. (nwh), 336 S.W.2d 809.

As noted, this case originated with the McLennan County Board, and was appealed through administrative channels to the State Board. Suit was thereafter filed by Rosenthal and the County Board for review of the State Board's order.

Rosenthal and the County Board assert the substantial evidence rule applicable to the appeal from the County Board to the Commissioner and the State Board, and say since there was substantial evidence before the County Board to sustain its action, that its order must be upheld.

■ We reject the contention. The substantial evidence rule applies to appeals taken from an administrative agency to the courts, and not to appeals from lower to higher administrative agencies. Thus the district court would determine if there was substantial evidence before the State Board to sustain its order. Brazoria Ind. Sch. Dist. v. Weems, Tex.Civ.App. (nwh), 295 S.W. 268; Whitmarsh v. Buckley, Tex.Civ. App. (nwh), 324 S.W.2d 298; State ex rel. Marrs v. Abshier, Tex.Com.App., 263 S.W. 263; Gerst v. Nixon, Tex., 411 S.W.2d 350.

This brings us to just what was the matter before the State Board. Such matter was whether the order of the Commissioner of Education sustaining the McLennan County Board, should be affirmed or overruled. The McLennan County Board had denied the transfer of the territory.

The Minutes of the State Board reflect that it "overruled" the Commissioner, and "ordered" the transfer of the territory. Thus the State Board's order was substituted for the order of the McLennan County Board. Had the McLennan County Board "ordered" the transfer in the first instance, such order would not have *effectuated* the transfer until the Board of Falls County concurred. So, when construed in connection with the matters the State Board had under consideration, the meaning of their order is clear. As stated in Gragg v. Hill, Tex.Civ.App., Er. Ref., 58 S.W.2d 150, 152:

"Proceedings before boards of this kind are more or less informal and it is not necessary that the minutes of their proceedings contain all of the essential elements of a judgment in a court of law. It is only necessary that such minutes be

sufficiently clear to disclose the intention of the board."

We think the board's order sufficiently clear to disclose the intention of the State Board, and that such was to order the transfer, *insofar as the McLennan County Board had the right to so order.* This was all that the State Board had under consideration. If the order of the State Board, as reflected in its minutes, is not accurately worded, we think it is still valid to effectuate all action necessary by the McLennan County Board in furtherance of the transfer. The order is obviously invalid to actually effectuate a transfer of the territory without concurrence of the Falls County Board.

The judgment of the trial court is reformed to hold the board's order valid to effectuate all necessary action solely by the McLennan County Board in furtherance of the transfer; and is otherwise affirmed.

Costs of appeal are divided equally between appellants and appellees.

Reformed and affirmed.