**CITY OF HARLINGEN and Civil Service Commission of the City of Harlingen, Appellants,**

v.

**Omar LUCIO and Paul Campbell, Appellees.**

No. 13–88–186–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1989.

Appellee's Rehearing Denied April 13, 1989.

Appellant's Rehearing Granted in Part and Denied in Part April 13, 1989.

Michael J. Cosentino, Harlingen, for appellants.

William T. Deane, Harlingen, for appellees.

Before UTTER, KENNEDY and BENAVIDES, JJ.

OPINION

UTTER, Justice.

Appellants City of Harlingen and Civil Service Commission of the City of Harlingen appeal from a modified final judgment entered in favor of appellees Omar Lucio and Paul Campbell regarding the administration of a promotional examination for the Harlingen Police Department. Specifically, the trial court declared the results of the promotional examination for captain invalid, null and void, commanded by writ of injunction that appellants readminister the promotional examination for captain, and granted appellees' request for attorney's fees and court costs. We reverse and render the judgment of the trial court.

On April 22–23, 1987, promotional examinations were administered for the Harlingen Police Department positions for ser-

**8**

geant, lieutenant, and captain. On April 28, 1987, a written appeal was filed regarding those examinations which set out various alleged discrepancies and violations of the Civil Service Rules. However, although this written appeal stated that it was challenging the sergeant's, lieutenant's, and captain's promotional examinations, it was only signed by Paul Campbell, an applicant for the sergeant's position. No other applicant for any of the three positions filed a written appeal or timely informed the Civil Service Commission that he desired to make an appeal. In fact, only after later hearings which were well beyond the permitted time to appeal, did it become apparent that Omar Lucio sought to appeal concerning the captain's promotional examination.

The Civil Service Commission subsequently overturned the results of the promotional examination for the sergeant's position and ordered that it be readministered. However, the Commission found that no applicant for the lieutenant and captain's positions had made a timely appeal, and thereafter refused to address the merits or take any action on any appeal concerning those promotional examinations. Appellees then filed suit in district court in which they sought to set aside the promotional examinations for the lieutenant's and captain's positions, sought proper notice for all affected parties of the date and time of re-examination, and sought reasonable attorney's fees and court costs.

By their fifth point of error, appellants challenge the legal and factual sufficiency of the evidence to support the trial court's findings of fact and conclusions of law that appellee Campbell's April 28, 1987, letter of appeal was sufficient to place appellant Civil Service Commission on notice that appellee Lucio was dissatisfied with the promotional examination for captain. By their eighth point of error, appellants assert that the trial court erred in making findings of fact and conclusions of law to the effect that the appellant Civil Service Commission's finding that no applicant for the posi-

tion of captain appealed for review of that examination within five business days, was incredible, unreasonable and not supported by the law. Appellants argue that the appellant Civil Service Commission's finding is undisputed and supported by substantial evidence.

Tex.Rev.Civ.Stat.Ann. art. 1269m, § 18 (repealed 1987) (now codified at Tex.Local Gov't Code Ann. § 143.015 (Vernon 1988))[1] provides that a Civil Service Commission decision may be appealed for a trial de novo in district court. The Supreme Court has interpreted a trial de novo under this context to mean "a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence." *Firemen's & Policemen's Civil Service Commission v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984) (quoting *Fire Department of City of Fort Worth v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664, 666 (1949)). If there is substantial evidence to support the Commission's decision, the courts are bound to follow the discretion of the administrative body. *Brinkmeyer*, 662 S.W.2d at 956; *Civil Service Commission of City of Baytown v. Clemmer*, 754 S.W.2d 242, 244–45 (Tex. App.—Houston [1st Dist.] 1988, no writ).

We must now determine whether there was substantial evidence to support the Civil Service Commission's finding that appellee Lucio had not made a timely appeal. If substantial evidence exists to support that finding, then the trial court was legally bound to follow the Civil Service Commission's findings.

Tex.Rev.Civ.Stat.Ann. art. 1269m, § 14 D(4) (repealed 1987) (now codified at Tex.Local Govt.Code Ann. § 143.034 (Vernon 1988))[2] provides as follows:

(4) *Each applicant* shall have the opportunity to examine the source materials, his examination, and his answers thereto together with the grading thereof and *if dissatisfied shall, within five (5) business days, appeal the same to the Com-*

1. Ch. 910, 1985 Tex.Gen.Laws 3046, 3052 (repealed 1987).

2. Ch. 910, Tex.Gen.Laws 3046, 3050 (repealed 1987).

mission for review in accordance with the provisions of this Act.

A business day is defined as Monday through Friday, excluding holidays. If an applicant requests, the applicant is entitled to see his promotional examination, answers, and source material as provided by this subdivision, but may not remove the examination or copy a question used in the examination.

Section 14 D(4) necessarily implies that there be notice of some character to the Commission by one aggrieved or dissatisfied with the examination or its results. However, mere knowledge that an applicant or even a class of applicants seeking a promotion were dissatisfied is not sufficient notice for an appeal. *Crain v. Firemen's & Policemen's Civil Service Commission*, 495 S.W.2d 20, 23 (Tex.Civ.App.—Forth Worth 1973, writ ref'd n.r.e.). The Commission must receive ample timely notice that a particular applicant is dissatisfied and desires to be heard by way of appeal. *Id.; see also Firemen's & Policemen's Civil Service Commission v. Williams*, 531 S.W.2d 327, 329 (Tex.1975). Therefore, since one's rights under the civil service system are statutory only, the failure to give timely notice of appeal to the Commission precludes any right to appeal to the district court. *Williams*, 531 S.W.2d at 330; *see also Firemen's and Policemen's Civil Service Commission v. Kennedy*, 514 S.W.2d 237, 240 (Tex.1974). The eligibility list would become legally established by force of the statute after the appeal time elapsed. *Williams*, 531 S.W.2d at 330; *see also Bostick v. Owens*, 423 S.W.2d 471, 472 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.).

■ In the instant case, the only decision made by the Civil Service Commission regarding the promotional examination for captain was that no applicant for captain appealed that examination within five business days. The record reveals that appellee Lucio did not personally give either a written or oral notice of appeal within the five-day period, stating he was dissatisfied with the promotional examination for captain, but that he relied entirely on appellee Campbell's notice of appeal to the Civil Service Commission and argues that Campbell's notice is sufficient to sustain his appeal of the protest of the captain's examination. Campbell's notice states in pertinent part:

Date: April 28, 1987

To: Civil Service Commission

By: Officer Paul Campbell, Harlingen Police Department

Subject: Letter of appeal of promotion exams

Sirs:

In accordance with Article VI, Section 5 of the Civil Service Rules this appeal to the Sergeant, Lieutenant and Captain promotional tests administered on April 22 and April 23 1987 is hearby [sic] submitted. This appeal is based upon the discrepancies/violations of the Civil Service Rules.

\* \* \* \* \* \*

I feel that considering these extreme discrepanices and violations of the Civil Service Rules that the Sergeant, Lieutenant [sic] and Captain promotion exams given on April 22 and April 23[,] 1987 should be voided and new tests be administered under legal and fair guidelines. Should, however, satisfaction and fair consideration not be given to this appeal, *I shall appeal to District Court.*

yours truly,

Paul Campbell

Patrolman, Harlingen Police Department

Campbell did not apply for or take the captain's or lieutenant's examination, but only applied for and took the sergeant's examination, which was subsequently set aside.

Since Section 14 D(4) expressly requires each individual applicant to give notice of appeal, appellee Campbell's notice is insufficient to give notice of Lucio's appeal of the captain's examination. No other applicant's name or signature appears on that document, and appellee Campbell clearly had no standing to generally appeal promotional examinations in which he did not participate. Further, inasmuch as the statutory five-day period had already elapsed

by the time the Civil Service Commission held its subsequent hearings on this issue, any notice of appeal offered at those hearings would have been untimely.

We conclude that the Civil Service Commission's finding is supported by substantial evidence. Thus, the trial court was bound to accept the fact findings of the Civil Service Commission and erred when it overruled the Commission's findings. We sustain appellees' fifth and eighth points of error. Since we have sustained appellants' fifth and eighth points of error, we need not consider appellants' remaining points of error.

We REVERSE AND RENDER the judgment of the trial court.

### ON MOTION FOR REHEARING

Appellant's contend that we should address their seventeenth point of error wherein they complain that the trial court erred in refusing to make a requested finding of fact on the amount of their attorney's fees, and that we should make a determination concerning the taxing of costs incurred in the trial court. Appellants assert that such a finding was supported by undisputed evidence showing that their attorney expended fifty hours in the preparation and trial of this cause and that eighty-five dollars per hour would be a reasonable fee.

The court may award reasonable attorney's fees to the prevailing party and assess court costs against the nonprevailing party. Tex.Rev.Civ.Stat.Ann. art. 1269m, § 18 (repealed 1987) (now codified at Tex. Local Govt.Code Ann. § 143.015(c) (Vernon 1988)).[1] The award of attorney's fees and the assessment of court costs is discretionary with the trial court. They are issues that must be passed upon by the trial court in the exercise of its original jurisdiction and we have no authority to initiate such an award. *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347, 349 (Tex.1971); *Arguelles v. Kaplan*, 736 S.W.2d 782, 787 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *see also Radio Station WQCK v. T.M. Communications,*

*Inc.*, 744 S.W.2d 676, 677 (Tex.App.—Dallas 1988, no writ).

We sustain appellants' seventeenth point of error and remand the questions regarding attorney's fees and assessment of court costs for further consideration consistent with this opinion. However, except as indicated, the remainder of appellants' motion for rehearing is overruled.

1. Ch. 958, 1985 Tex.Gen.Laws 3227, 3231 (repealed 1987).