Barbara GILDER, Appellant,

v.

Lionel R. MENO, Commissioner of Education for the State of Texas and Central Education Agency; and Aquilla Independent School District, Appellees.

No. 03–95–00080–CV.

Court of Appeals of Texas,
Austin.

June 26, 1996.

Rehearing Overruled Aug. 14, 1996.

Truman W. Dean, Jr., Austin, for Appellant.

James W. Deatherage, Power & Deatherage, Irving, for Aquilla Independent School Dist.

Dan Morales, Atty. Gen., Mab Fitz-Gerald, Asst. Atty. Gen., Admin. Law Section, Austin, for Com'r and Cent. Educ. Agency.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellant Barbara Gilder sued former Commissioner of Education Lionel Meno and the Central Education Agency (collectively "the Commissioner"), as well as the Aquilla Independent School District ("AISD"), for judicial review of the Commissioner's order affirming a decision by the AISD school board ("the board") to nonrenew Gilder's teaching contract under the Term Contract Nonrenewal Act ("TCNA"), 67th Leg., R.S., ch. 765, § 2, 1981 Tex. Gen. Laws 2847 (Tex. Educ.Code Ann. §§ 21.201–.211, since repealed and recodified at Tex. Educ.Code Ann. §§ 21.201–.213 (West 1996)). The district court upheld the Commissioner's order. On appeal to this Court, Gilder complains, in part, that the district court erred in affirming the Commissioner's order because she was not allowed to present evidence to the Commissioner. We will affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Gilder was employed by AISD as a special education teacher under a series of one-year contracts; during the course of her employment she received numerous notices of deficiencies in her job performance. Early in the 1984–85 school year, she received a formal unsatisfactory evaluation of her teaching performance; throughout the year she received additional notices of deficiencies. Acting upon the superintendent's recommendation, in March 1985 the board of trustees of AISD issued to Gilder a "notice of proposed nonrenewal." Gilder timely requested a hearing before the board. See 1981 Tex. Gen. Laws 2847, 2848 (formerly Tex. Educ. Code Ann. § 21.205, since repealed and recodified at Tex. Educ.Code Ann. § 21.207).

Prior to that hearing, the board granted Gilder's request for a hearing on the recusal of three board members. At the recusal hearing on April 18, 1985, Gilder offered no evidence, stating that her witnesses and she chose not to testify. On April 25, 1985, the board conducted an evidentiary hearing on the merits of the recommendation that her contract not be renewed. Although she was represented by counsel and was given the opportunity to cross-examine witnesses and present her own witnesses, Gilder again chose not to offer any evidence on her own behalf and not to refute any evidence presented by the superintendent. After this hearing, which continued over a five-day period, the board voted 7–0 to adopt the superintendent's recommendation not to renew Gilder's contract.

Gilder filed a petition for review with the Commissioner alleging that the board's decision was arbitrary, capricious, unlawful, and not supported by substantial evidence. See 1981 Tex. Gen. Laws 2847, 2848 (formerly Tex. Educ.Code Ann. § 21.207(a), since repealed and recodified at Tex. Educ.Code Ann. § 21.209). In June 1985, AISD filed a certified copy of the record of the hearings before the school board. See 8 Tex. Reg. 2756, 2759 (1983) (formerly 19 Tex. Admin. Code § 157.64, repealed by 18 Tex. Reg.1928 (1993); current version found at 19 Tex. Admin. Code § 157.1071 (West 1995)). Although the Commissioner's rules allow an appellant to object to the local record within thirty days, Gilder filed no objection. See id. Five months later Gilder filed a motion for a hearing, alleging that she had additional evidence which was material, relevant and not unduly repetitious. See id. The motion contained no reference to the substance of the evidence, the names of witnesses, or any reason why such evidence had not been presented earlier. The Commissioner denied the request for an evidentiary hearing and after reviewing the record from the local board, concluded that the decision not to renew Gilder's contract was supported by substantial evidence and was not arbitrary, capricious, or unlawful. Gilder filed suit for judicial review and the district court affirmed the Commissioner's order.

## DISCUSSION

On appeal Gilder alleges in two points of error that she was entitled to a hearing before the Commissioner, without a showing of good cause. In two additional points of error, she attacks the constitutionality of the hearing she received before the school board, alleging that she did not receive the process she was due at that hearing and that she was under no obligation to testify as a witness.

■ We will first address what sort of review the Commissioner is required to conduct in appeals from local school board decisions under the TCNA. Gilder contends that the district court erred in affirming the Commissioner's order because the Commissioner conducted a review based solely on the record made before the local board, rather than granting Gilder the evidentiary hearing that she requested. The precise issue is whether the scope of review mandated by the TCNA requires the Commissioner to conduct a new evidentiary hearing in reviewing every local school board decision not to renew a teacher's contract.

The Commissioner has adopted rules for reviewing decisions of local school boards made pursuant to the TCNA. Those rules permit a teacher to present evidence to the Commissioner only in limited circumstances:

All allegations by the teacher that the decision of the board of trustees was arbitrary, capricious, unlawful, or not supported by substantial evidence shall be resolved by a review of the record of appeal; however, on the motion of either party, the commissioner of education may order that additional evidence be taken to supplement the transcript if it appears that such party has evidence to offer which is material, relevant, and not unduly repetitious, which that party, for good cause, was unable to adduce at the local hearing.

8 Tex. Reg. 2756, 2759 (1983) (formerly 19 Tex. Admin. Code § 157.64(b), since repealed and recodified). Based on Gilder's failure to satisfy the "good cause" requirement of rule 157.64(b), the Commissioner denied Gilder's motion for an evidentiary hearing and conducted a review based solely on the record made before the AISD school board, only permitting Gilder to file a written brief in support of her petition. Gilder assails rule 157.64(b) as inconsistent with the TCNA, which she interprets as requiring the Commissioner to conduct a new evidentiary hearing in every appeal from a decision not to renew a teacher contract.

■ We turn to the language of the statute. Under the current law, enacted in 1995, the Commissioner is entitled to look only to the record of the board hearing in conducting a substantial evidence review. *See* Tex. Educ.Code Ann. § 21.301(c) (West 1996). But this appeal is governed by the version of the statute in place at the time of the Commissioner's review in 1987 and 1988. At that time section 21.207(a) provided:

If the teacher is aggrieved by the decision of the board of trustees, he may appeal to the State Commissioner of Education pursuant to Section 11.13 of this code. The commissioner may not substitute his judgment for that of the board of trustees, unless the decision below was arbitrary, capricious, unlawful, or not supported by substantial evidence.

1981 Tex. Gen. Laws 2847, 2848 (Tex. Educ. Code Ann. § 21.207(a), since repealed and recodified at Tex. Educ.Code Ann. § 21.209). The reference to former section 11.13 of the Education Code does not provide any standard of review,[1] but the second sentence

---

1. *See* Act of August 21, 1986, 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 11 (Tex. Educ.Code Ann. § 11.13(a), since repealed and recodified at Tex. Educ. Ann. § 7.057 (West 1996)). Former section 11.13(a) merely grants the right of appeal to "any person aggrieved by ... decisions of a board of trustees" but says nothing about what the standard of review shall be:

  (a) Except in cases of student disciplinary actions under Section 21.301 or 21.3011 of this code, persons having any matter of dispute among them arising under the school laws of

Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

*See also Central Educ. Agency v. Upshur Co. Comm'rs Court*, 731 S.W.2d 559, 561 (Tex.1987).

clearly contemplates a substantial evidence review, using as it does the same language set forth in the APA provision for substantial evidence review. *See* Tex. Gov't Code Ann. § 2001.174 (West 1996).[2] Although the APA provisions governing review of agency decisions do not apply when the Commissioner is reviewing the decision of a local school board, *see Board of Trustees of Big Spring Firemen's Relief & Retirement Fund v. Firemen's Pension Comm'r,* 808 S.W.2d 608, 611 (Tex.App.—Austin 1991, no writ), the APA, first enacted in 1976 as APTRA, was available as a model for how agency action is to be reviewed at the time the TCNA was enacted in 1981. By using substantially the same words the APA utilized to replace the worrisome "substantial-evidence-de-novo review," we think the TCNA was following the APA's lead in dictating a review in which the Commissioner would look only to the record made before the local board to determine whether that body's findings are reasonably supported by substantial evidence.[3]

█ By adopting rule 157.64(b), requiring an appellant to show good cause before being granted a new evidentiary hearing, the Commissioner has so interpreted the TCNA former section 21.207(a). Indeed, the procedure for taking new evidence outlined in rule 157.64(b) appears to have been patterned after the procedure described in the APA:

> A party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and *that there were good reasons for the failure to present it in the proceeding before the state agency,* the court may order that the additional evidence be taken before the agency on conditions determined by the court. The agency may change its findings and decision by reason of the ad-

ditional evidence and shall file the additional evidence and any changes, new findings, or decisions with the reviewing court.

Tex. Gov't Code Ann. § 2001.175(c) (West 1996) (emphasis added). Given the similarities between the language of former section 21.207(a) and the language of the APA, we think the Commissioner correctly understood the TCNA to dictate a substantial evidence standard of review that is consistent with the procedure outlined in rule 157.64(b). The Commissioner is the officer charged with administration of appeals under the TCNA. We accord his interpretation of the statute deference because of his expertise and experience in dealing with the practical problems of preserving local decision-making while still providing for an appeal to a state administrative body. *See Dodd v. Meno,* 870 S.W.2d 4, 7 (Tex.1994) (construction of statute by agency charged with its enforcement entitled to serious consideration, so long as construction is reasonable and does not contradict plain language of statute); *Calvert v. Thompson,* 339 S.W.2d 685, 688–89 (Tex.Civ.App.—Austin 1960, writ ref'd).

Our own reading of the statute, in light of existing case law, supports the Commissioner's interpretation. First, we note the similarity of the language between the TCNA and the APA language that provides for substantial evidence review based solely on the agency record. Former section 21.207(a) provides that "[t]he commissioner may not substitute his judgment for that of the board of trustees, unless the decision below was arbitrary, capricious, unlawful, or not supported by substantial evidence." 1981 Tex. Gen. Laws 2847, 2848 (Tex. Educ.Code Ann. § 21.207(a), since repealed and recodified at

2. When this suit was instituted, the statutory provisions governing administrative procedures, including the review of agency orders, were contained in the Administrative Procedure and Texas Register Act (APTRA), 64th Leg., R.S., ch. 61, 1975 Tex. Gen. Laws 136. Because the subsequent recodification of APTRA into the APA did not substantively change the law, we will refer to the APA for convenience. *See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583, 986.

3. The dissent argues that the language found in section 21.207(a) mirrors the language used by the supreme court in *Upshur,* which created something akin to substantial evidence de novo review of county commissioners' decisions regarding the detachment and annexation of territory between school districts. We note that the *Upshur* decision in 1987 would not have been available as a model for the legislature to follow when it drafted the TCNA in 1981, if indeed the legislature should ever be presumed to take note of specific citations buried in a court decision, as contrasted with an outcome of a court opinion.

Tex. Educ.Code Ann. § 21.209). Similarly, the APA provides as follows:

> The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the cause for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusion, or decisions are:
>
> (1) in violation of constitutional or statutory provisions;
>
> (2) in excess of the statutory authority of the agency;
>
> (3) made upon unlawful procedure;
>
> (4) affected by other error of law;
>
> (5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the [agency] record as a whole; or
>
> (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Tex. Gov't Code Ann. § 2001.174 (West 1996).

■ Under the judicially created "substantial-evidence-de-novo" review, the reviewing tribunal "conducts an evidentiary hearing for the limited purpose of determining 'whether at the time the questioned order was entered there then existed sufficient facts to justify the agency's order.'" *Big Spring,* 808 S.W.2d at 612 (quoting *Gerst v. Nixon,* 411 S.W.2d 350, 354 (Tex.1966)). The rationale behind this much-criticized form of judicial review[4] appears to grow out of a separation of powers question and judicial suspicion of the fact-finding abilities of administrative agencies. This peculiar form of review requires the reviewing court to decide a hypothetical question: whether there exists at the time of judicial review a lawful basis in fact for what the agency did at an earlier time. By conducting a second evidentiary hearing, the court severely undermines the authority and usefulness of the evidentiary hearing conducted by the agency. The APA as enacted in 1976 was designed to confine judicial review to the record compiled in the agency proceeding, permitting the courts to conduct an evidentiary hearing only in limited circumstances. By using almost identical language to describe the Commissioner's scope of review of teacher employment disputes, we believe the TCNA sought to confine that review to the record created at the local board proceeding except in rare circumstances. Provisions containing this language generally create review by an appellate administrative body that is judicial in nature, to be determined on the record made by the parties before the original body. *See* 73A C.J.S.2d *Public Administrative Law and Procedure* § 170b (1983). Given this widespread understanding of the language included in section 21.207(a), we cannot agree with the dissent that the Commissioner exceeded his authority by limiting the evidentiary hearings on appeals from adverse decisions under the TCNA.

Our reading of the statute is bolstered by the act's provision that the local board must hold an evidentiary hearing in all decisions not to renew a teacher's contract. 1981 Tex. Gen. Laws 2847, 2848 (Tex. Educ.Code Ann. § 21.205, since repealed and recodified at Tex. Educ.Code Ann. § 21.207). Former section 21.205 delegates to the board of trustees the primary responsibility of deciding who shall and shall not teach in its local schools. To require the Commissioner to hold another evidentiary hearing would nullify this local proceeding, in derogation of the principle that these decisions should be made locally, subject only to the state agency's review to assure that the teacher was afforded proper procedural and legal safeguards. By providing for substantial evidence review of local board decisions, the TCNA wisely enables the Commissioner to assure a uniform interpretation of the relevant statutes

4. *See generally* Robert W. Hamilton & J.J. Jewett, III, *The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review,* 54 Tex. L.Rev. 285, 295–302 (1976); Thomas M. Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 Sw. L.J. 239, 247–59 (1969); Abner Eddins Lipscomb, *Judicial Control of Administrative Action in Texas,* The Baylor Bulletin, Law Number, Vol. XLI, No. 3, 25–28 (1938).

and regulations across the state while preserving local autonomy in its proper sphere.

We do not believe that preserving this decision-making process at the local level poses the dangers suggested by the dissent. The Commissioner will always have a record from the school board for his review, whether or not the teacher presents evidence or testifies; the record will consist of the evaluations that led to the non-renewal, the superintendent's recommendations, and the actions of the school board. When the record is deficient or unfair, former section 157.64 provides that the aggrieved party can object to the record, and then ask that the record be supplemented by new evidentiary hearings before the Commissioner, but only for "good cause." Thus, for example, a party unable to present evidence locally due to the board's lack of subpoena power could seek to present that evidence to the Commissioner, pointing to the lack of subpoena power as establishing "good cause."

The circumstances of the present appeal well illustrate how requiring the Commissioner to hold an evidentiary hearing without "good cause" would undermine local decision-making in the matter of teacher employment. Although afforded a hearing at her request to recuse three school board members, in addition to a hearing on the merits of her employment, Gilder refused to put on any evidence of bias or retaliation or any evidence in support of her teaching performance, or to refute any of the superintendent's evidence of her teaching deficiencies. It is evidence of bias and retaliation that she then sought to present to the Commissioner,[5] having voluntarily decided not to present this evidence to the local school board at either hearing. To allow a teacher to lie behind the log and not present her case until the matter reaches the state agency, without good cause, would make a mockery of the local board hearing and would transfer the real decision-making to the Commissioner at the state level. This runs afoul of the statute's delegation of teacher employment decisions to local

school boards. Former section 21.203 explicitly provides that the board of trustees of each school district may choose not to renew any teacher's contract, shall establish policies which establish reasons for nonrenewal, and shall establish procedures for receiving recommendations from its school administrators regarding the nonrenewal of teaching contracts. *See* 1981 Tex. Gen. Laws 2847 (Tex. Educ.Code Ann. § 21.203, since repealed).

Mindful of the pernicious effect that "substantial-evidence-de-novo" review has had on agency decision-making, we are unpersuaded by the dissent's insistence that Texas case law compels us to read this scope of review into the TCNA. We begin by noting that this highly criticized form of review was created by courts concerned about a separation of powers question in the context of judicial review of agency action, a concern that has no bearing on this question of the scope of one agency's review of another agency's action. We therefore reject the dissent's "virtual presumption of substantial-evidence-de-novo review." Certainly nothing in the statute mandates such a review; indeed, as we have noted the language of the TCNA so closely parallels the APA's creation of substantial evidence review, coming just five years after that specific legislative rejection of the substantial-evidence-de-novo review, that we find legislative intent to prescribe an appellate scope of review confined to the record of the board proceeding in appeals of contract nonrenewal decisions.

Nor are we persuaded that the supreme court's decision in *Central Educ. Agency v. Upshur County Comm'rs Court*, 731 S.W.2d 559, 561–62 (Tex.1987), mandates a substantial-evidence-de-novo review under the TCNA. That decision concerned the state agency's review of a commissioners court's decision to detach and annex property between school districts. The court began by noting, as we have mentioned, that former section 11.13(a) of the Education Code provides generally for appeals to the Commis-

---

5. The motion for hearing before the Commissioner contains the following allegation: "specifically, Petitioner seeks to adduce evidence concerning the bias of Respondent's school board members. Respondent refused to allow Petition-

er an opportunity to present such evidence at the local hearing. Respondent's Board members' bias precluded Petitioner from receiving a fair and impartial hearing."

sioner but does not specify what the scope of that review shall be. The *Upshur* court held that the original decision-making power is committed to the county officials, and while the Commissioner *may* conduct an evidentiary hearing solely for the purpose of determining whether there was fraud, bad faith, abuse of discretion by the county official and whether their decision is supported by substantial evidence, this is to be an appellate scope of review as opposed to a re-determination of the case in its entirety. It did not hold that the Commissioner *must* hold such a hearing in every appeal. Only in a footnote, on which the dissent places what seems to be undue reliance, does the court mention that the Commissioner's review of detachment and annexation decisions is "akin to the substantial evidence trial de novo review." 731 S.W.2d at 562, n. 2. Certainly any reliance on *Mercer v. Ross,* mentioned in the same footnote, is misplaced as that case involved a statute that specifically provided for the *court's* substantial-evidence-de-novo review of Texas Employment Commission decisions. *See Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex.1986).

What is most significant is that *Upshur* and the other decision that the dissent relies on, *Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency,* 917 S.W.2d 773 (Tex.1996), both involve the Commissioner's review of detachment and annexation decisions under the general mandate of former section 11.13(a), which lacks any mention of a standard of review. In *Cypress–Fairbanks v. Texas Educ. Agency,* 797 S.W.2d 336, 340 (Tex.App.—Austin 1990), *rev'd on other grounds,* 830 S.W.2d 88 (Tex.1992), we noted that teacher contract nonrenewal appeals to the Commissioner are *expressly* limited to an appellate standard of review under former section 21.207, unlike the detachment/annexation decisions governed solely by former section 11.13(a) of the Education Code, as in *Upshur.* The TCNA provides that a teacher's contract will be renewed from year to year unless the statutory provisions for nonrenewal are followed. 1981 Tex. Gen. Laws 2847, 2848 (formerly Tex. Educ.Code Ann. § 21.203). The legislature could create this specific benefit for teachers but at the same time limit the scope of review that a state

administrative agency could exercise over a school board's decision not to renew a teacher's contract. We understand this to be the legislative intent of former section 21.207(a). In placing so much reliance on *Upshur,* the dissent ignores this critical distinction between the general provision of section 11.13(a) concerning any person aggrieved under the school laws of this state, and the more specific provision of section 21.207(a) governing only teachers aggrieved under the TCNA.

Furthermore, we must not overlook the context of the *Upshur* decision, in which the court held that the Commissioner exceeded his authority by substituting his judgment for that of the county officials to whom the statute delegated the responsibility for annexation and detachment decisions. *Upshur* rejected a pure de novo review by which the Commissioner reversed the county officials on policy grounds, even though the county officials followed the law. The thrust of the *Upshur* decision was to uphold the authority delegated to the county officials and to direct the Commissioner not to substitute his opinion for that of the local agency. *Upshur,* 731 S.W.2d at 561. Without resorting to the language of footnote 2, there is no explicit holding in *Upshur* that rejects a substantial evidence standard of review. Such a rejection cannot be gleaned from *Upshur's* observation that the Commissioner *may* hold an evidentiary hearing "solely for the purpose of determining whether there was fraud, bad faith or an abuse of discretion in the decision of the county commissioners and whether their decision is supported by substantial evidence." *Id.* at 562. By holding that the Commissioner must conduct an evidentiary hearing in this appeal for a teacher who refuses to present evidence to the local board and chooses instead to argue her case to the Commissioner, the dissent ignores the teaching of *Upshur,* the APA, and the TCNA, that the reviewing agency cannot substitute its judgment for the local agency's judgment if its decision is supported by substantial evidence and if it accorded appellant the procedural and legal safeguards to which she was entitled.

We hold that rule 157.64(b), which requires an appealing party to show "good cause" for the need to present evidence to the Commissioner is wholly consistent with the scope of review mandated by former section 21.207(a) and overrule the first two points of error.

■ In her third point of error, Gilder complains that she was deprived of due process in her hearing before the board of trustees. We disagree. Gilder was afforded two hearings, one on the issue of bias, and another on the merits of her deficiencies as a teacher. She was represented at each hearing but chose not to present any evidence herself or through the witnesses she brought with her or through cross-examination of the superintendent's witnesses by her representative. Gilder complains that she was not given an opportunity to "voir dire" the board members, and that the board members were not required to testify. Without any evidence establishing an issue of bias, neither the board members nor Gilder were required to testify. *See Vandygriff v. First Sav. & Loan*, 617 S.W.2d 669, 673 (Tex.1981) (court presumes agency performs duties in compliance with law); *Lone Star Greyhound Park v. Racing Comm'n*, 863 S.W.2d 742, 752 (Tex. App.—Austin 1993, writ denied) (court presumes lack of bias on part of agency decision-makers). Gilder decided to put forward no evidence of bias at her peril, apparently hoping to present such evidence later to the Commissioner. We find that given the state of the record there was no violation of her rights. Likewise, we find no procedural irregularities at the hearing on the merits of her teaching abilities. If the superintendent asserted these deficiencies against her in retaliation for her prior filing of grievances or membership in the Texas State Teacher Association as she alleges, she declined to offer any evidence to substantiate this claim. Again she declined to offer evidence at her peril. We overrule the third point of error. Likewise, we find no merit in the fourth point of error complaining that Gilder was unjustly compelled to testify as an adverse witness. Gilder had the opportunity to refute the superintendent's allegations of her teaching deficiencies, through her own testimony or the testimony of others. She chose to do neither. Based on the meager record this cre-

ated, her appeal was dismissed. This in no way constituted error, and we overrule the fourth point of error.

## CONCLUSION

Finding no error, we affirm the trial court's judgment.

JONES, Justice, dissenting.

I respectfully dissent.

This is, at its core, a statutory-construction case. There are two simple propositions that control the outcome of this appeal. First, more than a half-century of case law requires that "inter-agency appeals" to the Commissioner of Education be conducted with a new evidentiary hearing. Second, when it was enacted in 1981, the Term Contract Nonrenewal Act ("TCNA") did not alter that requirement.

## FACTUAL AND PROCEDURAL BACKGROUND

The majority's statement of the factual and procedural background is essentially correct. Gilder was employed by Aquilla Independent School District ("AISD") as a special education teacher under a one-year term contract for the 1984–85 school year. After AISD sent Gilder a "notice of proposed nonrenewal," she properly requested a hearing before the board. Following a hearing, the board voted unanimously to nonrenew Gilder's contract. Gilder filed a petition for review with the Commissioner alleging that the board's decision was arbitrary, capricious, unlawful, and not supported by substantial evidence; she later filed a motion expressly requesting an evidentiary hearing, at least in part to develop evidence of bias and retaliation.

The Commissioner's rules for reviewing TCNA decisions of local school boards permit a teacher to present evidence to the Commissioner only in very limited circumstances:

> All allegations by the teacher that the decision of the board of trustees was arbitrary, capricious, unlawful, or not supported by substantial evidence *shall be resolved by a review of the record of appeal;*

however, on the motion of either party, the commissioner of education may order that additional evidence be taken to supplement the transcript if it appears that such party has evidence to offer which is material, relevant, and not unduly repetitious, which that party, for good cause, was unable to adduce at the local hearing.

8 Tex. Reg. 2756, 2759 (1983) (emphasis added) (formerly 19 Tex. Admin. Code § 157.64(b), *repealed by* 18 Tex. Reg.1928 (1993); current version found at 19 T.A.C. § 157.1071 (West 1995)).

Concluding that Gilder had failed to satisfy the "good cause" requirement of rule 157.64(b), the Commissioner denied her request for an evidentiary hearing, permitting her only to file a written brief in support of her petition. After conducting a review based exclusively on the record made before the AISD board, the Commissioner denied the appeal and held that the board's decision was supported by substantial evidence and was not arbitrary, capricious, or unlawful. Gilder filed the present suit for judicial review of the Commissioner's order. The district court affirmed.

## TYPES OF REVIEW OF AGENCY ACTION

Texas has recognized four types of review of agency action: (1) pure trial de novo, (2) pure substantial evidence, (3) substantial evidence de novo, and (4) a special rate-case classification referred to as "de novo fact trial." *See Board of Trustees of Big Spring Fireman's Relief & Retirement Fund v. Firemen's Pension Comm'r,* 808 S.W.2d 608, 611 (Tex.App.-Austin 1991, no writ); *see also* James R. Eissinger, *Judicial Review of Findings of Fact in Contested Cases Under APTRA,* 42 Baylor L.Rev. 1, 11 (1990). The last type of review listed above does not apply to a proceeding such as the present one.

Under a "pure trial de novo" review, the decision of the lower agency or board is automatically vacated upon the taking of an appeal, and the reviewing tribunal not only hears new evidence, but also substitutes its discretion and judgment for that of the lower body. This type of review is technically not an "appeal" at all, but a new proceeding. *See Central Educ. Agency v. Upshur County Comm'rs Court,* 731 S.W.2d 559, 561 (Tex. 1987).

Under a "pure substantial evidence" review, the reviewing tribunal looks only at the record made before the fact-finding body, *i.e.,* the agency or board, to determine whether that body's findings are reasonably supported by substantial evidence. *Imperial Am. Resources Fund, Inc. v. Railroad Comm'n,* 557 S.W.2d 280, 285 (Tex.1977).

Under a "substantial evidence de novo" review, the reviewing tribunal likewise seeks to determine whether the findings made by the local agency or board are reasonably supported by substantial evidence and are otherwise lawful. The reviewing tribunal is not, however, confined to the record made below; rather, it receives evidence at a new hearing and, *from that body of evidence,* determines as a question of law whether the findings of the agency or board are lawful and supported by substantial evidence. *See Firemen's & Policemen's Civ. Serv. v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984); *Big Spring,* 808 S.W.2d at 612. "[T]he reviewing tribunal conducts an evidentiary hearing for the limited purpose of determining 'whether at the time the questioned order was entered there then existed sufficient facts to justify the agency's order.'" *Big Spring,* 808 S.W.2d at 612 (quoting *Gerst v. Nixon,* 411 S.W.2d 350, 354 (Tex.1966)). In determining whether the fact-finder's decision is reasonably supported by substantial evidence and is otherwise lawful, the reviewing tribunal considers only the evidence introduced at the review hearing, which may or may not include the administrative record, if any, made by the agency or local board. *Big Spring,* 808 S.W.2d at 612; *see generally Railroad Comm'n v. Shell Oil Co.,* 139 Tex. 66, 161 S.W.2d 1022 (1942); *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946); Thomas M. Reavley, *Substantial Evidence and Insubstantial Review in Texas,* 23 Sw.L.J. 239, 241–43 (1969). Thus, despite the introduction of new evidence at the review hearing, the inquiry in a substantial-evidence-de-novo review is purely a question of law, and the proceeding is truly an "appeal." *See Brinkmeyer,* 662 S.W.2d at 956. Consequently,

the reviewing tribunal may not substitute its judgment for that of the agency on controverted issues of fact. *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988); *Brinkmeyer,* 662 S.W.2d at 956. The decision of the fact-finding body has a presumption of validity, and the party seeking to set aside that body's decision has the burden of showing that at the time of the original proceeding substantial evidence did not exist to support the previous decision. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986). Whatever its flaws, substantial evidence de novo was the prevailing method of judicial review in this state from the 1930's until the enactment of the APA in 1975.

To fully appreciate the distinction between the various types of administrative review, it is necessary to understand three different aspects of the review of agency decisions:

> Over the years in Texas, the terms "trial de novo" and "substantial evidence rule" have been applied primarily to three aspects of judicial review of administrative agency decisions. First, does the filing of an appeal from an agency decision automatically vacate the agency order or does the order continue in effect unless otherwise stayed or vacated? Second, does the reviewing court review the agency decision on the record compiled before the agency or does it take evidence "anew" in court? Third, does the reviewing court or trier of fact substitute its discretion "anew" in lieu of the agency's determination on questions of fact committed to agency discretion by the Legislature, or does it sustain those determinations if reasonably supported by substantial evidence?

Dudley D. McCalla, *The Administrative Procedure and Texas Register Act,* 28 Baylor L.Rev. 445, 464–65 (1976). Thus, the types of administrative review discussed above are distinguished precisely by their different treatment of these three aspects of review. A review wherein the agency's decision is automatically vacated, new evidence is taken, and the reviewing body substitutes its discretion for that of the agency is pure-de-novo review. At the opposite end of the spectrum, a review wherein the agency's decision is not automatically vacated, the reviewing body looks only at the agency record, and the agency's decision is upheld if supported by substantial evidence is pure-substantial-evidence review. Texas's unique creation, substantial-evidence-de-novo review, is a hybrid: it resembles pure-substantial-evidence review in that the agency's decision is not automatically vacated and is upheld if supported by substantial evidence; it resembles pure-de-novo review in that new evidence is heard by the reviewing body.

For our purposes, the second and third aspects of review identified by Mr. McCalla are the important ones. The second aspect is essentially procedural, referring simply to whether new evidence is heard and used by the reviewing body. The third aspect, on the other hand, relates to the standard by which the reviewing body determines whether the lower agency decision should be upheld. This standard is the same irrespective of which procedure is used, *i.e.,* whether the reviewing body hears new evidence, as in substantial-evidence-de-novo review, or looks only at the record compiled before the lower agency, as in pure-substantial-evidence review. As Mr. McCalla explains in a later article, "The term 'substantial evidence' has nothing to do with the first [vacation of decision] and second [new evidence] aspects of judicial review; it refers to the quantum of evidence necessary to sustain an agency order or finding. The more accurate terminology is the substantial evidence 'test.'" Dudley D. McCalla, *Judicial Review of Agency Orders, in* State Bar of Texas, Advanced Administrative Law Course Manual U, U–2 (1990).

The Commissioner's rule at issue here requires that, except in extraordinary circumstances, the review of a TCNA decision of a local school board "shall be resolved by a review of the record of appeal." By its terms and by the way the Commissioner applied it in this case, the rule imposes a pure-substantial-evidence review on TCNA appeals to the Commissioner.

## INTER–AGENCY REVIEW BEFORE THE TCNA

The types of review discussed above are used regardless of whether the reviewing

body is a court or a higher agency. Accordingly, the general rules hammered out over the years by courts for conducting judicial review of agency orders provide a helpful analogy in determining how inter-agency appeals should be carried out.

Before the APA was enacted in 1975, review of agency decisions "on the record" was essentially unheard of in Texas.[1] *Judicial* review of agency decisions in Texas was generally conducted by the substantial-evidence-de-novo method. *See* Reavley, *supra,* at 239–41. As will be discussed below, most if not all inter-agency appeals were conducted by a pure-de-novo review. Enacted by the legislature in 1975 and effective January 1, 1976, the Administrative Procedure Act ("APA")[2] mandated a pure-substantial-evidence review for judicial review of those agency decisions coming within the purview of the Act. *See* APA § 2001.174, .175. Not all agencies, however, come within the purview of the Act. For example, in 1981, the legislature expressly removed decisions of the Texas Employment Commission from the reach of the APA. *See* Act of April 16, 1981, 67th Leg., R.S., ch. 76, § 2, 1981 Tex. Gen. Laws 168, 168 (Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 21(g), since repealed and codified at Tex. Gov't Code Ann. § 2001.224 (West Pamph.1996)).

Regarding judicial review of administrative decisions to which the APA does not apply, Texas courts have consistently held that the proper approach is to revert to the pre-APA substantial-evidence-de-novo review. *See West Gulf Maritime Ass'n v. Sabine Pilots Ass'n,* 617 S.W.2d 744, 747 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.); *Texas Employment Comm'n v. City of Houston,* 616 S.W.2d 255, 258–59 (Tex.Civ.App.-Houston [1st Dist.] ), *writ ref'd n.r.e. per curiam,* 618 S.W.2d 329 (Tex.1981); *see also Mercer,* 701 S.W.2d at 831; *Brinkmeyer,* 662 S.W.2d at 955–56; *City of Harlingen v. Lucio,* 770 S.W.2d 7, 8 (Tex.App.-Corpus Christi 1989, writ denied); *Valentino v. City of Houston,* 674 S.W.2d 813, 816 (Tex.Civ.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Instant Photo, Inc. v. Texas Employment Comm'n,* 650 S.W.2d 196, 197–98 (Tex.App.-San Antonio 1983, no writ); *City of San Antonio v. Flores,* 619 S.W.2d 601, 602 (Tex.Civ.App.-Houston [14th Dist.] 1981, writ ref'd n.r.e.). Commentators and administrative law practitioners have agreed. *See* Eissinger, *supra,* at 11–13; W. Wendall Hall, *Standards of Appellate Review in Civil Cases,* 21 St. Mary's L.J. 865, 929 (1990); Robert W. Hamilton & J.J. Jewett, III, *The Administrative Procedure and Texas Register Act: Contested Cases and Judicial Review,* 54 Tex. L.Rev. 285, 311 (1976); *see also* L. Kirk Kridner, *Scope of Judicial Review of Agency Decisions In Contested Cases, in* State Bar of Texas, Advanced Administrative Law Course Manual T, T–6 (1992); Dudley D. McCalla, *Judicial Review of Agency Orders, in* State Bar of Texas, Advanced Administrative Law Course Manual U, U–11 (1990); Larry E. Temple, *Judicial Review–A Review of the Substantial Evidence Rule and Trial De Novo, in* State Bar of Texas, Advanced Administrative Law Course Manual Q, Q–10 (1989).

Because a local school board does not have statewide jurisdiction, it is not an "agency" for purposes of the APA. *See Big Spring,* 808 S.W.2d at 611; *West Gulf Maritime,* 617 S.W.2d at 747. Accordingly, the APA provisions governing review of agency decisions do not apply when the Commissioner is reviewing the decision of a local school board. *Id.* Thus, as with non-APA judicial review, logic dictates that inter-agency review should

---

1. The sole exception seems to have been judicial review under the Texas Savings and Loan Act, 58th Leg., R.S., ch. 113, sec. 1, § 11.12(5)(b), 1963 Tex. Gen. Laws 269, 299 (Tex. Rev. Civ. Stat. Ann. art. 852a, § 11.12(5)(b), since amended). *See Gerst v. Nixon,* 411 S.W.2d 350, 353–57 (Tex.1966).

2. Tex. Gov't Code Ann. §§ 2001.001–.902 (West Pamph.1996). When this suit was instituted, the statutory provisions governing administrative procedures, including the review of agency orders, were contained in the Administrative Procedure and Texas Register Act (APTRA), 64th Leg., R.S., ch. 61, 1975 Tex. Gen. Laws 136. Because the subsequent recodification of APTRA into the APA did not substantively change the law, I refer to the APA for convenience. *See* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 47, 1993 Tex. Gen. Laws 583, 986.

continue to be conducted by the rules in place before the enactment of the APA. As a practical matter, this means that the standard and procedure to be used in an inter-agency appeal are determined by the substantive statutes related to the relevant agency. *Cf.* Michael J. Tomsu, *Judicial Review of Administrative Decisions in Contested Cases, in* State Bar of Texas, Advanced Administrative Law Course Manual S, S–8 (1994).

As a general proposition, Texas courts have long held that "[t]he substantial evidence rule applies to appeals taken from an administrative agency to the courts, and not to appeals from lower to higher administrative agencies." *See Lorena Indep. Sch. Dist. No. 907 v. Rosenthal Common Sch. Dist. No. 007,* 421 S.W.2d 491, 493 (Tex.Civ.App.-Waco 1967, writ ref'd n.r.e.); *accord Temple Indep. Sch. Dist. v. State Bd. of Educ.,* 493 S.W.2d 543, 544 (Tex.Civ.App.-Austin 1973, no writ). The reference to the "substantial evidence rule" in such statements is clearly to the *third* aspect of administrative review, *i.e.,* whether the reviewing body substitutes its judgment for that of the lower agency or board. Thus, it appears that inter-agency appeals were generally conducted by a pure-de-novo review, *i.e.,* the decision of the lower agency was effectively vacated by the appeal, and the higher agency heard new evidence and substituted its findings and judgment for that of the lower agency.

With that proposition as a backdrop, it is necessary to review the statutes relevant to Gilder's inter-agency appeal. The general statutory authorization for appeals to the Commissioner from decisions of local school boards is contained in former section 11.13(a) of the Education Code:

> [A]ny person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision. . . .

Tex. Educ.Code, 61st Leg., R.S., ch. 889, sec. 1, § 11.13(a), 1969 Tex. Gen. Laws 2735, 2757 (Tex. Educ.Code Ann. § 11.13(a), since re-pealed and recodified at Tex. Educ.Code Ann. § 7.057 (West 1996)).

Section 11.13(a) does not specify the type of hearing the Commissioner must provide or the nature of review the Commissioner is to conduct. The predecessor to section 11.13(a) was first enacted in 1949. *See* Act of May 3, 1949, 51st Leg., R.S., ch. 299, Art. VII, Sec. 1, 1949 Tex. Gen. Laws 537, 545 (Tex.Rev. Civ. Stat. Ann. art. 2654–7, § 1, since re-pealed and now codified at Tex. Educ.Code Ann. § 7.057 (West 1996)). As early as the 1950's, the Commissioner promulgated policies and procedures that required a trial-type evidentiary hearing in appeals from decisions of local school boards. *See* Handbook for Local School Officials, Bulletin 603, Texas Education Agency, September 1959, Chapter XVIII ("Hearings & Appeals"), pp. 158–64. Even after the 1975 enactment of the APA, the Central Education Agency adopted formal rules that maintained the requirement that appeals to the Commissioner from actions or decisions of lower boards or officials be resolved after an evidentiary hearing. *See* 1 Tex. Reg. 1050, 1053–56 (1976). Appeals from the Commissioner to the State Board of Education, on the other hand, were to be conducted "on the record, briefs and oral argument only." *See* 1 Tex. Reg. 1056, 1057 (1976).

In 1987, the supreme court held in a non-TCNA appeal that the Commissioner's review of a school-related decision of a county commissioners court should be a substantial-evidence-de-novo review. *See Upshur County,* 731 S.W.2d at 562. The members of the supreme court were all in agreement that a de novo *procedure* should be used. The disagreement revolved around the *standard* to be applied by the Commissioner: the majority favored substantial evidence de novo (*i.e.,* giving deference to the county commissioners' findings and decision), while the dissenters favored pure de novo (*i.e.,* no deference). The only mention of substantial-evidence review "on the record" was a cursory disapproval of that form of review in appeals to the Commissioner. *See id.* at 562 n. 2 ("the Commissioner [is] not so limited").

There is no question about the type of review ordered in *Upshur County.* The su-

preme court stated that in reviewing a school-related decision of a county commissioners court under section 11.13(a), the Commissioner is to conduct an evidentiary hearing "solely for the purpose of determining whether there was fraud, bad faith or an abuse of discretion in the decision of the county commissioners and whether their decision is supported by substantial evidence." *Id.* at 562. The court described the review to be conducted by the Commissioner as "akin to the substantial evidence trial de novo." *Id.* at 562 n. 2. Recently, the supreme court was even more definite in its description, stating that *Upshur County* interpreted section 11.13(a) as requiring the Commissioner to conduct "a substantial evidence *de novo* administrative hearing." *Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency,* 917 S.W.2d 773, 776 (Tex.1996).

Thus, outside the TCNA, the Commissioner has traditionally used and is required to use a de novo hearing procedure (either pure de novo or substantial evidence de novo) in reviewing school-related decisions of local boards and agencies. The dispositive issue in the present case, therefore, is whether the TCNA, as enacted in 1981, mandated a new, pure-substantial-evidence procedure for inter-agency appeals taken under that statute.

## DID THE TCNA REQUIRE A DIFFERENT PROCEDURE?

The TCNA itself contains an express provision bearing on teacher appeals from decisions of local school boards. Former section 21.207(a) of the Education Code provides:

> If the teacher is aggrieved by the decision of the board of trustees, he may appeal to the State Commissioner of Education pursuant to Section 11.13 of this code. The commissioner may not substitute his judgment for that of the board of trustees, unless the decision below was arbitrary, capricious, unlawful, or not supported by substantial evidence.

Term Contract Nonrenewal Act, 67th Leg., R.S., ch. 765, sec. 2, § 21.207, 1981 Tex. Gen. Laws 2847, 2848 (Tex. Educ.Code Ann. § 21.207(a), since repealed and recodified in amended form at Tex. Educ.Code Ann. § 21.209(a) (West 1996)).

The first sentence of section 21.207(a) simply invokes section 11.13 of the Education Code, so under the holding of *Upshur County* it obviously does not require a pure-substantial-evidence review.

The majority focus, therefore, on the second sentence of section 21.207(a) as the sole statutory support for their conclusion that the TCNA mandates a pure-substantial-evidence review by the Commissioner. The majority's reliance is misplaced. Although the second sentence of section 21.207(a) clearly requires a "substantial evidence" *standard* or *test,* that alone is no indication whatsoever that the legislature intended the commissioner's review to be restricted to the local school board record. As discussed above, both pure-substantial-evidence review and substantial-evidence-de-novo review utilize a substantial-evidence *test.* But section 21.207(a) does not address the question of *procedure,* which is the critical distinction between the two types of review: From what body of evidence is the review to be made, the record made before the local board or a new record made before the Commissioner? Thus, the second sentence of section 21.207(a) is completely consistent with the substantial-evidence-de-novo review held by the supreme court in *Upshur County* to be mandated by section 11.13(a). Only by ignoring the distinction between the standard to be applied and the procedure to be used can the majority read the second sentence of section 21.207(a) as requiring a pure-substantial-evidence review.

In addition, courts are obliged to construe statutory language in the context of the statute as a whole rather than as an isolated provision. *Bridgestone/Firestone, Inc. v. Glyn–Jones,* 878 S.W.2d 132, 133 (Tex.1994). In the present case, an examination of the other relevant provisions of the TCNA confirms that the legislature cannot have intended to require a pure-substantial-evidence review by the Commissioner. The hearing procedures to be used by local school boards are contained in former sections 21.205 and 21.206 of the Education Code:

### § 21.205. Hearing

(a) If the teacher desires a hearing after receiving notice of the proposed nonrenewal, the teacher shall notify the board of trustees in writing within 10 days after receiving the notice of nonrenewal. The board shall provide for a hearing to be held within 15 days after receiving written notice from the teacher requesting a hearing. Such hearing shall be closed unless an open hearing is requested by the employee.

(b) The hearing shall be conducted in accordance with rules promulgated by the district.

### § 21.206. Decision of Board

(a) If the teacher fails to request a hearing, the board shall take such action as it deems lawful and appropriate and shall notify the employee in writing of that action within 15 days of the expiration of the 10–day period for requesting a hearing.

(b) If the teacher requests a hearing, the board shall take such action as it deems lawful and appropriate and shall notify the teacher in writing of that action within 15 days following the conclusion of the hearing.

Term Contract Nonrenewal Act, 67th Leg., R.S., ch. 765, sec. 2, §§ 21.205, .206, 1981 Tex. Gen. Laws 2847, 2848 (Tex. Educ.Code Ann. §§ 21.205, .206, since repealed and recodified in amended form at Tex. Educ.Code Ann. §§ 21.207, .208 (West 1996)).

Thus, the first circumstance to be considered is that unless the teacher expressly requests it, the local school board need not hold a hearing at all. Nor does the statute require that any hearing be recorded. Without a recorded hearing, there would be no record for the Commissioner to review. Yet an aggrieved teacher's right to appeal to the Commissioner may not be conditioned on having requested and participated in a hearing before the local board. *Havner v. Meno*, 867 S.W.2d 130, 133–34 (Tex.App.-Austin 1993, no writ). The majority do not explain how the Commissioner would conduct a pure-substantial-evidence review in the absence of a local record.

Other circumstances are also significant. Section 21.205 provides that, unless the teacher expressly requests an open hearing, any hearing held "shall be closed"; moreover, any such hearing must be conducted "in accordance with rules promulgated by the district," with no minimum requirements for what those rules should provide. Thus, even if a hearing of some sort were provided, gaps in the TCNA would create a substantial risk that the teacher would not be afforded an opportunity to make a full and complete record for the Commissioner to review. Indeed, even the most fair-minded district could not assure a full and complete record, because local school districts do not have subpoena power and so cannot guarantee the presence of crucial witnesses and documents.

In short, not only is the statutory language of the TCNA consistent with a substantial-evidence-de-novo review, the statutory scheme created by the TCNA is wholly inconsistent with a review limited to the record of the local school board.[3]

The cornerstone of the majority's analysis is the fact that the TCNA used language, similar to terms used in the APA just six years earlier, requiring that the Commissioner's review must be a "substantial evidence" review. From that, they conclude that the legislature must have intended that an interagency review under the TCNA be conducted using the same procedure required for judicial review under the APA. In so concluding, however, the majority again ignore the crucial distinction between the *standard*

---

**3.** Recent amendments to the TCNA again confirm the legislature's earlier intent. In 1995 the legislature amended the TCNA to add language expressly restricting the Commissioner's review in at least some appeals to "the local record." *See* Educ.Code §§ 21.209, .301(c) (West 1996). In conjunction with that change, however, the legislature also added extensive hearing procedures at the local board level. *See* Educ.Code §§ 21.251–.260 (West 1996). Among other

things, the new provisions require the hearing to be conducted before a trained and certified hearing examiner who has the power to issue subpoenas for the attendance of witnesses and the production of documents, both for the hearing itself and for pre-hearing depositions and other means of discovery. The new provisions also require the hearing to be recorded by a certified shorthand reporter.

to be applied and the *procedure* to be used. In the APA, the legislature placed the standard to be applied and the procedure to be used in separate provisions. *See* Administrative Procedure and Texas Register Act, 64th Leg., R.S., ch. 61, § 19(d), (e), 1975 Tex. Gen. Laws 136, 147 (Tex.Rev.Civ.Stat.Ann. § 19(d), (e), since repealed and recodified at Tex. Gov't Code Ann. §§ 2001.174, .175(e) (West Pamph.1996)). Indeed, because the review standard is the same for both substantial evidence de novo and pure substantial evidence, the true innovation in the APA was that it expressly changed Texas's historically used *procedure*.

The TCNA, on the other hand, specified the standard to be applied but made no mention whatsoever of a procedure to be used, even though the APA provided a perfect model of how to specify both the standard and the procedure. Thus, there is no support, logical or otherwise, for the majority's conclusion that the specification in the TCNA of the review standard implies a new and radically different procedure. In fact, just the opposite is true. Because the APA had so recently used language specifically mandating a new procedure in *judicial* review, it is clear the members of the legislature knew how to do so when they so desired. That they chose *not* to specify a particular procedure in the TCNA can only be construed as affirmatively indicating a desire not to change the existing procedure in such cases.

Finally, the majority argue that allowing a teacher appealing under the TCNA to present new evidence to the Commissioner "would transfer the real decision-making to the Commissioner at the state level." This statement reveals a fundamental misunderstanding of substantial-evidence-de-novo review. As discussed above, under substantial-evidence-de-novo review the agency order being reviewed is given precisely the same deference as in a pure-substantial-evidence review, *i.e.*, it will be set aside only if it is arbitrary, capricious, unlawful, or not reasonably supported by substantial evidence in the record. Any teacher who hopes to "lay behind the log" at the school district level in order to present his or her best case to the Commissioner in a substantial-evidence-de-novo review is foolish indeed.

I would hold that the Commissioner, by following the procedure set forth in rule 157.64(b), used an incorrect review procedure and unreasonably restricted Gilder's right to a substantial-evidence-de-novo review of the AISD board's order. Accordingly, I would hold that the Commissioner acted in violation of sections 21.207(a) and 11.13(a) of the Education Code when he dismissed Gilder's appeal without allowing her to present evidence. I would reverse the judgment of the district court and render judgment that the cause be remanded to the Commissioner for the purpose of conducting a substantial-evidence-de-novo review of the AISD board's order.